UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

                    Plaintiff,            Civil Action No. 14-12123
                                             Honorable John Corbett O'Meara
v.                                   Magistrate Judge Elizabeth A. Stafford

CHERYL GROVES, et al.,

                    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**APPOINTMENT OF COUNSEL [R. 39] WITHOUT PREJUDICE**

*Pro se* plaintiff James Scott, currently a Michigan Department of

Corrections ("MDOC") inmate, filed suit on May 22, 2014 against current

and former MDOC employees alleging Due Process and First Amendment

retaliation claims under 42 U.S.C. § 1983.  The Honorable John Corbett

O'Meara referred the case to this Court to resolve all pretrial matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

Before the Court is Scott's motion for appointment of counsel.  [R.

39].  Scott says the Court should appoint counsel because he cannot afford

counsel on his own; he has limited knowledge of the law; he has limited

access to the law library; and the issues in this case are complex.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an

attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Considering the relevant factors, the Court finds that Scott does not show exceptional circumstances that merit the appointment of counsel at this juncture. Contrary to Scott's contention, this case is not overly complex. In any event, notwithstanding the complexity of this case, Scott's filings demonstrate that he understands the nature of his claims and has had adequate access to the court. Prior to filing this action, Scott completed the MDOC's legal writing program and worked as a legal writer. Moreover, Scott's reliance on having limited access to the law library does not constitute an exceptional circumstance to justify his request for

2

appointment of counsel, as the same is true for the majority of *pro se* prisoner litigants.  In fact, he is more capable of proceeding *pro se* than most prisoner litigants based on his prior training and experience as a legal writer.  The Court will not appoint counsel at this time.

Scott's motion for appointment of counsel [R. 39] is **DENIED WITHOUT PREJUDICE**.  If Scott survives summary judgment, he may raise this issue again.

**IT IS ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 22, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U. S. C. §636(b)(1).  Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order.  *See* E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2015.

s/Marlena Williams____
MARLENA WILLIAMS
Case Manager

4