UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

        Plaintiff,        Civil Action No. 14-12123
                                    Honorable John Corbett O'Meara
v.                                      Magistrate Judge Elizabeth A. Stafford

CHERYL GROVES, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
DISCOVERY [R. 40] AND MOTION FOR SANCTIONS [R. 41]**

*Pro se* plaintiff James Scott, currently a Michigan Department of Corrections ("MDOC") inmate, filed suit on May 22, 2014 against current and former MDOC employees alleging Due Process and First Amendment retaliation claims under 42 U.S.C. § 1983.  Five of the six defendants have filed a motion for summary judgment [R. 16, 47], and the sixth defendant – Raymond Booker – was just recently served.  The Honorable John Corbett O'Meara referred the case to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  Before the Court are two motions filed by Scott: a motion for discovery [R. 40] and motion for sanctions [R. 41].  For the following reasons, both motions are **DENIED**.

Scott asks the Court to sanction the Defendants' attorney for failing to

file an "answer." [R. 41]. This motion is without merit because the usual procedural rules for answering complaints do not apply in § 1983 actions. *Jones v. Bock*, 549 U.S. 199, 200 (2007). Specifically, pursuant to 42 U.S.C. § 1997e(g)(1), a defendant may waive the right to reply to an action brought by a prisoner under § 1983, and such waiver does not constitute an admission of the allegations pleaded in the complaint. Furthermore, in such cases "[n]o relief shall be granted to the plaintiff unless a reply has been filed" by the defendant. § 1997e(g)(1). However, the Court orders that Booker must either answer the complaint or file a dispositive motion by **July 7, 2015**.

In his motion for discovery, Scott asks the Court to postpone ruling on the outstanding summary judgment motions until discovery is conducted. [R. 40]. Scott sought the same relief in a previous motion for discovery [R. 21], but was denied by the Court:

> The Court will deny Plaintiff's motion for discovery pending resolution of the summary judgment motion or upon further order of the Court. "'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). A stay of discovery is appropriately granted where claims may be dismissed "'based on legal determinations that could not have been altered by any further discovery.'" *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Mem. Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

2

[R. 22, PgID 193-94]. This Court agrees, but will deny summary judgment of any claim if further factual development is warranted.

Scott's motion for discovery [R. 40] and motion for sanctions [R. 41] are **DENIED**. Additionally, Booker must either answer the complaint or file a dispositive motion by **July 7, 2015**.

**IT IS ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 27, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. See E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2015.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager